STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-2022-412

JEFFREY HASKELL,

    Plaintiff,

    v.

ROBERT KLINE, ESQ. and KLINE
LAW OFFICES, LLC,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER ON DEFENDANTS'
MOTION TO DISQUALIFY

Before the Court is Defendants Robert Kline, Esq. and Kline Law Offices, LLC's ("Defendants," or "Attorney Kline") Motion to Disqualify Attorney Bennett, Attorney Bailey, and Legal-Ease, LLC P.A. ("Legal-Ease"). For the following reasons, the Court denies the motion.

I.    **Background**

Plaintiff Jeffrey Haskell's Complaint alleges breach of fiduciary duty, negligence and professional negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and violation of Maine's Unfair Trade Practices Act.

This matter arises out of Attorney Kline's representation of Mr. Haskell in a prior action against Mr. Haskell by General Linen, his former employer, for violation of a non-competition agreement ("the Underlying Matter"). Mr. Haskell, after being laid off from his job at General Linen, had been hired by Pratt Abbott.

Although the Underlying Matter was initially brought against Mr. Haskell, only, Pratt Abbott was later joined. Pratt Abbott hired Attorney Kline to represent it and Mr. Haskell in the Underlying Matter. The Underlying Matter involved a "Master

REC'D CUMB CLERKS OFC
MAY 8 '23 PM 12:10

Agreement" between General Linen and Pratt Abbott, which Mr. Haskell alleges Attorney Kline authored.

When Mr. Haskell lost his job at Pratt Abbott, Pratt Abbott stopped paying Attorney Kline for Mr. Haskell's representation. Mr. Haskell retained Brooke Bailey, an attorney at Legal-Ease and Mr. Haskell's stepdaughter. Attorney Kline continued to represent Pratt Abbott until shortly after Mr. Haskell filed a crossclaim against Pratt Abbott, at which time Attorney Kline withdrew.

Mr. Haskell alleges that Attorney Kline failed to obtain informed consent to the joint representation of Pratt Abbott and Mr. Haskell, failed to accurately advise Mr. Haskell as to Pratt Abbott's agreement or obligation to pay Mr. Haskell's attorney fees, failed to document the fee agreement, and failed to advise Mr. Haskell as to Attorney Kline's ability to be a witness regarding the Master Agreement and Pratt Abbott's failure to pay attorney fees. He claims his economic losses include "loss of employment and income with Pratt [Abbott], and for a period of time loss of paid legal defense and for the cost of legal defense." (Pl.'s Compl. ¶ 34.)

The Underlying Matter settled. Pratt Abbott paid Mr. Haskell's legal fees to Legal-Ease. Thereafter, Mr. Haskell filed this suit.

## II. Legal Standard

In *Morin v. Maine Education Association*, the Law Court held:

[D]isqualification is appropriate only when the moving party produces evidence supporting two findings. First, disqualification must "serve the purposes supporting the ethical rules." A party moving to disqualify an attorney has the burden of demonstrating more than mere speculation that an ethics violation has occurred; she must establish in the record that continued representation of the nonmoving party by that party's chosen attorney results in an affirmative violation of a particular ethical rule. . . .

Second, we require a showing that continued representation by the attorney would result in actual prejudice to the party seeking that attorney's disqualification.

2010 ME 36, ¶¶ 9-10, 993 A.2d 1097 (citations omitted). Thus, to grant a motion to disqualify, a court must find (1) an ongoing ethical violation in the attorney's continued representation and (2) prejudice to the moving party. *Id.*

## III. Discussion

Defendants argue that Legal-Ease's continued representation of Mr. Haskell violates Maine Rule of Professional Conduct 3.7, which provides:

> (a) A lawyer shall not act as advocate at a tribunal in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a tribunal in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

Defendants assert that the Legal-Ease attorneys' testimony will be necessary to develop Attorney Kline's defense in this case. Specifically, they expect that Attorneys Bennett and Bailey will be necessary fact witnesses as to the litigation plan created by Attorney Kline and implemented by Legal-Ease, Mr. Haskell's damages, and Mr. Haskell's mental state after the transition of representation. Mr. Haskell argues that neither Attorney Bennett nor Attorney Bailey is a "necessary" witness as to any fact in issue.

Defendants cite *Katz v. Turesky*, No. CV-18-253, 2018 Me. Super. LEXIS 234, at *4-6 (Dec. 18, 2018), in which the Superior Court (Cumberland County, *Mills, J.*) granted the defendant's motion to disqualify Attorney Bennett as plaintiffs' counsel. Attorney Bennett had represented the plaintiffs in three prior forcible entry and detainer actions,

which formed the basis for plaintiffs' malicious prosecution and wrongful use of civil procedure claims, as well as other allegations in their complaint. *Id.* at *1-2. The court concluded that Attorney Bennett was a necessary witness regarding plaintiffs' emotional distress and defamation claims (the malicious prosecution and wrongful use of civil procedure claims had been dismissed). *Id.* at *4.

This matter is distinguishable from *Katz*.[1] Mr. Haskell's allegations against Attorney Kline concern ethical breaches that allegedly occurred before Legal-Ease began representing Mr. Haskell. Neither Attorney Bennett nor Attorney Bailey witnessed the alleged failure to obtain informed consent or failures to advise. Attorney Bennett and Attorney Bailey's knowledge of the litigation plan created by Attorney Kline is not likely to be relevant to Mr. Haskell's claims—or Attorney Kline's defense thereof—as they have been cast at this point. And the Court agrees with Mr. Haskell that other witnesses are likely available to testify as to Mr. Haskell's emotional distress claims.

Defendants also cite several cases from other jurisdictions. These cases are not persuasive. For example, in *Penna v. Margolis*, No. CV030475408S, 2004 Conn. Super. LEXIS 289, at *5-13 (Feb. 9, 2004), the defendant in the malpractice action sought to disqualify the plaintiff's attorney, who had represented plaintiff *at the same time* that the defendant represented the plaintiff in the underlying suit. *Id.* at *5. Legal-Ease's representation of Mr. Haskell did not overlap with Attorney Kline's representation.

*Walsh v. Lynch*, No. CV116010042, 2012 Conn. Super. LEXIS 1199 (May 3, 2012), is more analogous. In that malpractice action, the plaintiff alleged that his original counsel in the underlying action, the defendants in *Walsh*, failed to timely file a motion to

---

[1] Similarly, *Legal-Ease v. Egdall*, 2018 Me. Bus. & Consumer LEXIS 56, at *2, *7-13 (Nov. 13, 2018) in which the court (*Duddy, J.*) ruled that Attorney Bennett was a necessary witness regarding Legal-Ease's claims, is obviously distinguishable.

substitute upon the death of the defendant. *Id.* at *1-3. The plaintiff claimed that he, with the assistance of successor counsel, had settled the underlying action for less than he otherwise would have because opposing counsel had threatened to bring a motion for a directed verdict due to the untimely motion to substitute. *Id.* The court ruled that the plaintiff's attorney was a necessary witness in the malpractice action because the plaintiff's attorney had represented the plaintiff in the settlement negotiations. *Id.* at *10-12. Again, however, this matter is distinguishable. Mr. Haskell does not allege that a deficiency in Attorney Kline's performance affected settlement negotiations.

Defendants have not demonstrated that Legal-Ease's representation of Mr. Haskell violates Rule 3.7. Accordingly, the Court need not proceed to the second prong of the analysis. The Court acknowledges, however, that it is possible that Attorney Bennett or Attorney Bailey could become a necessary witness on the issue of damages as the case progresses. Because circumstances may arise that will alter the analysis, the denial of the present motion will be without prejudice to its renewal.

## IV. Conclusion

For the foregoing reasons, the Court will not disqualify Attorney Bennett, Attorney Bailey, or Legal-Ease at this time.

The entry is:

Defendants' Motion to Disqualify is DENIED without prejudice.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _____5/8/23_____

_____
MaryGay Kennedy, Justice
Maine Superior Court